## HIPP v. COE, Commissioner of Patents.
### No. 6041.

Court of Appeals of the District of Columbia.
Argued Feb. 13, 1934.
Decided April 23, 1934.

George P. Kimmel and John Boyle, Jr., both of Washington, D. C., for appellant.

T. A. Hostetler, Solicitor of the Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill, filed under the provisions of section 4915, Rev. St., as amended March 2, 1929 (section 63, title 35, U. S. C. [35 USCA § 63]), which sought the allowance by the Commissioner of Patents of a patent on appellant's combined receipt and record device printed on single sheets.

A sample sheet accompanied the Patent Office application. The upper section of the sheet is provided with printed matter and spaced for entry of required data. Its lower printed section is adapted for the reception of similar data. The central portion of the sheet is slotted longitudinally to provide several narrow strips connected at their ends to the two end portions. Three of these strips have printed thereon consecutive amounts of money in various units. The other three strips have printed thereon consecutive dates in the respective units of weeks, months, and years. The printing of each strip is duplicated and arranged in reverse order, so that when the strips are severed the same amount and date will appear on the end portions of the strips united to the upper section of the form (which constitutes the receipt of one party to the transaction) and on the end portions of the strips attached to the lower part of the form (which constitutes the receipt of the other party).

Campbell (Patent No. 490897) discloses a device constituting a combined receipt and record "specially applicable to that class of conductors' cash fare receipts given passengers for fares paid on the train, which are made out by detaching a portion of the form leaving an auditor's check which also shows the amount of the fare." Campbell specifies that his device is applicable "generally for any kind of receipt, or ticket made out from prepared forms by detaching portions, leaving a check or record on the form."

Purdue (Patent No. 559599) discloses a similar device, having in addition to monetary scales two outside columns bearing names of stations or indicating point of departure and destination. Purdue's ticket is severed in the same manner as appellant's to provide a receipt portion for the passenger and a stub portion for the railroad company.

The Patent Office tribunals found, and in that finding we concur, that the controlling idea involved in the two references and applicant's device is substantially the same; that is to say, of providing the central portion of a sheet in columns of graduated indicants separated by slots, each indicant being duplicated on opposite sides by transverse lines, each end of the sheet bearing the required printed data or spaces therefor.

The references are not mere "paper patents"; on the contrary, they disclose practical invention in a closely related art. All that can be said of appellant's sheet is that it constitutes a "more extended application of the original thought." Smith v. Nichols, 21 Wall. 112, 119, 22 L. Ed. 566; Ansonia Co. v. Electrical Supply Co., 144 U. S. 11, 19, 12 S. Ct. 601, 36 L. Ed. 327; Belding Mfg. Co. v. Corn Planter Co., 152 U. S. 100, 104, 14 S. Ct. 492, 38 L. Ed. 370.

The decree must be affirmed.

Affirmed.